*265 OPINION.
Littleton:
This proceeding presents only issues of fact concerning the cash value of property paid in to the petitioner and the cost of subsequent additions or improvements for invested capital purposes, and the fair market price and value of its depreciable assets on March 1, 1913, for the purpose of the annual allowance for exhaustion, wear and tear. The evidence submitted has been carefully examined and from a consideration thereof the Board has found the cash value of the property paid in by Keener in 1900 for stock and the cost of subsequent additions and improvements made by the corporation. This value and these costs should therefore be taken into consideration in computing petitioner’s invested capital for the taxable years 1919, 1920, and 1921. The Board is further of the opinion, from a consideration of all the evidence, that the fair market price or value of the depreciable property owned by petitioner on March 1, 1913, was $150,000, and this value and the cost of subsequent additions and improvements should be used as the basis for the computation of the allowance for exhaustion, wear and tear for the taxable years.
Petitioner claims that the Commissioner erred in computing the allowance for exhaustion, wear and tear at. the rate of 3 per cent per annum and that this allowance should have been computed at the rate of 5 per cent. An examination of the evidence on this point does not convince the Board that the Commissioner’s determination of a rate of 3 per cent per annum was improper and his conclusion in this regard is approved.

Judgment will be entered'on 15 days’ notice, u/nder Rule 50.